IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **DAVID FONSECA RAMIREZ,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION V-08-10 |
| | § | |
| **NATHANIEL QUARTERMAN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

David Fonseca Ramirez ("Petitioner"), an inmate of the Texas Department of Criminal Justice-Correctional Institutions Division, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Dkt. No. 1. Respondent has filed a Motion for Summary Judgment (Dkt. No. 9) to which Petitioner responded (Dkt. No. 10). Having considered the motion, response, record and relevant law, the Court finds that Petitioner's habeas petition should be DISMISSED as time-barred.

### Background

Petitioner was convicted of aggravated robbery on March 29, 2006. Dkt. No. 8 at 6. The trial court sentenced Petitioner to ten years in prison. *Id.* Petitioner never filed a direct appeal. *Id.*; *see also* Dkt. No. 1 at 3. On September 25, 2007, Petitioner filed a state habeas petition. Dkt. No. 8 at 17. On December 12, 2007, the Texas Court of Criminal Appeals denied the petition without written order. *Id.* at 2. Petitioner indicates that he placed the instant petition in the prison mail on January 11, 2008. Dkt. No. 1 at 9.

### Claims

Petitioner presents four grounds for relief:

1

1. The trial court did not make an adequate determination of Petitioner's competence to stand trial;

2. The finding that Petitioner used a deadly weapon in his robbery was without foundation;

3. The indictment omitted a material element of the offense; and

4. Trial counsel failed to present evidence of Petitioner's mental problems at the punishment phase.

## Statute of Limitations

The limitations period on applications for habeas corpus relief is as follows:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.

## Analysis

The Court must first determine when the judgment against Petitioner became final. Petitioner had thirty days from the date his sentence was imposed to file an appeal. TEX. R. APP. P.

26.2(a)(1).  Since Petitioner was sentenced on March 29, 2006, he had until April 28, 2006 to file his appeal.  Thus, per section 2244(d)(1)(A), Petitioner had until April 28, 2007 to file his federal habeas petition.  Because even Petitioner's *state* habeas petition was not filed until September of 2007, Petitioner clearly falls outside the one-year limitation period.

## Certificate of Appealability

A certificate of appealability may be issued only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(B)(2).  To make such a showing, Petitioner must demonstrate that reasonable jurists could disagree on the issues at bar, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further.  *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir.1998).  For the reasons stated in this Order, Petitioner has not made a substantial showing of the denial of a constitutional right or that reasonable jurists would find the Court's rulings to be debatable.  Therefore, the Court denies the issuance of a certificate of appealability in this action.

## Conclusion

For the foregoing reasons, Petitioner's petition must be DISMISSED.  The Court DENIES Petitioner a Certificate of Appealability.

It is so ORDERED.

SIGNED this 9th day of January, 2009.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE